**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HAZEL JACKSON, on behalf of plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., and EXPERIAN HOLDINGS, INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. This lawsuit seeks redress for individuals whose personal information was compromised by Experian Information Solutions, Inc., and Experian Holdings, Inc. (collectively "Experian")

2. Experian obtained information about customers and potential customers of T-Mobile.

3. Experian failed to protect the sensitive data of T-Mobile's customers and individuals who applied for credit with T-Mobile.

4. On October 1, 2015, Experian disclosed that 15 million T-Mobile customers and individuals who had applied for credit with T-Mobile had their sensitive data compromised in a massive hack on Experian's servers. The hack affected 15 million persons who had applied for credit with T-Mobile between September 1, 2013 and September 16, 2015.

5. Plaintiff is a person harmed by Experian's substandard security practices.

6. In this action, plaintiff seeks to represent herself as well as a class of all other customers similarly situated who applied for credit with T-Mobile between September 1, 2013 and September 16, 2015.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 15 U.S.C. § 1681p (Fair Credit Reporting Act), 28 U.S.C. § 1331, 28 U.S.C. § 1332(d) (Class Action Fairness Act) and  28 U.S.C. § 1367 (supplemental jurisdiction). The amount in controversy, exclusive of interest and costs, exceeds $5 million. There are more than 100 class members. The requisite minimal diversity of citizenship exists.

8. Venue is appropriate because a substantial portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff Hazel Jackson is a citizen and resident of Waukegan, Illinois.

10. Defendant Experian Information Solutions, Inc., is an Ohio corporation with principal offices located at 475 Anton Boulevard, Costa Mesa, California 92626. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

11. Defendant Experian Holdings, Inc., is a Delaware corporation with principal offices located at 475 Anton Boulevard, Costa Mesa, California 92626. Its registered agent and office is the Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

## FACTS

12. On or about October 2014, plaintiff requested credit from T-Mobile, and in doing so was subjected to a credit check by Experian

13. Plaintiff did not actually obtain credit from T-Mobile.

14. On or about October 5, 2015, Experian disclosed that it had experienced a data breach. Exhibit A is a copy of a letter plaintiff received.

15. Experian maintains a historical record of the applicant data used by T-Mobile to make credit decisions. The data provides the record of the applicant's credit application with T-Mobile and is used to assist with credit decisions and respond to questions from applicants about the decision on their credit application. The data is required to be maintained for a minimum period of 25 months under consumer credit laws.

16. A hacker acquired the records of approximately 15 million people, including new applicants requiring a credit check for service or device financing from September 1, 2013, through September 16, 2015.

17. These records include information such as name, address and birthdate, as well as encrypted fields with Social Security number and ID number (such as driver's license or passport number), and additional information used in T-Mobile's own credit assessment. Experian has determined that this encryption may have been compromised.

18. This is not the first time data maintained by Experian has been breached. An attack on an Experian subsidiary that began before Experian purchased it in 2012 exposed the Social Security numbers of 200 million Americans.

19. Many persons whose information was stolen have already experienced suspicious activity related to the compromised data. For example, fraudulent transactions and/or fraudulent

home loan applications have already begun to appear on class members' credit reports.

20. As a direct and proximate result of Experian's actions and omissions in disclosing and failing to protect plaintiff private personal information, plaintiff and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft.

## CLASS ALLEGATIONS

21. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

22. The class consists of all persons in the United States who between September 1, 2013, and September 16, 2015 applied for credit with T-Mobile.

23. The members of the putative class, estimated at 15 million, are so numerous that joinder of individual claims is impracticable. Members of the class can be readily identified through records of Experian records.

24. There are questions of fact and law common to the members of the class, which common questions predominate over questions applicable only to some class members. These issues include:

    a. Whether Experian failed to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records to protect against known and anticipated threats to security;

    b. Whether the security provided by Experian was adequate to protect customer information as compared to industry standards;

    c. Whether Experian misrepresented or failed to provide adequate

        information to customers regarding the type of security practices used;

    d.    Whether the conduct of Experian conduct was intentional, willful or negligent;

    e.    Whether Experian violated legal applicable requirements;

    f.    Whether the class suffered damages as a result of Experian's acts or omissions; and

    g.    Whether class members are entitled to injunctive and monetary relief as a result of Experian's conduct.

25. Plaintiff's claims are typical of the claims of the putative class. Plaintiff and all members of the putative class have been adversely affected and damaged in that Experian failed to adequately protect their private information to the detriment of plaintiff and the putative class.

26. Plaintiff will fairly and adequately represent the putative class because:

    a.    Plaintiff has the class members' interest in mind,

    b.    Plaintiff's individual claims are co-extensive with those of the class, and

    c.    Plaintiff is represented by qualified counsel experienced in class action litigation of this nature.

27. A class action is superior to other available methods for the fair and efficient adjudication of these claims because:

    a.    Individual joinder of the claims of all members of the putative class is impracticable,

    b.    Individual actions are not economically feasible;

    c.    Even if some members of the class could afford to litigate their claims

separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed.

## COUNT I -- NEGLIGENCE

28. Plaintiff incorporates ¶¶1-27.

29. Experian owed a duty to plaintiff and all class members to use security practices that would protect their confidential information against the very sort of attack that occurred here.

30. Experian breached its duty by failing to use security practices that would protect the confidential information of consumers.

31. As a direct and proximate cause of failing to use appropriate security practices, Experian system was hacked causing plaintiff's and all class members' private personal information to be disseminated to unauthorized individuals.

32. The breach of the security system caused direct and substantial damages to plaintiff and class members, as well as the possibility of future harm through the dissemination of private information and possibility of identity theft.

33. By engaging in the forgoing acts and omissions, Experian committed the common law tort of negligence.

WHEREFORE, plaintiff respectfully requests that the court enter judgment in favor of plaintiff and the class and against defendants for:

      i. Actual damages;

      ii. Punitive damages;

      iii. Costs of suit; and

iv. Such other and further relief as the Court deems just and proper.

## COUNT II -- FAIR CREDIT REPORTING ACT

34. Plaintiff incorporates ¶¶1-27.

35. Under 15 U.S.C. § 1681a(f), a "consumer reporting agency" includes any person which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

36. Under 15 U.S.C. § 1681a(d)(1), a "consumer report" is any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used, expected to be used, or collected, in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for (i) credit or insurance to be used primarily for personal, family, or household purposes, (ii) employment purposes, or (iii) any other purpose authorized by 15 U.S.C. § 1681b.

37. "Consumer credit information" includes, *inter alia*, a person's name, identification number (*e.g.*, Social Security number), marital status, physical address and contact information, educational background, employment, professional or business history, financial accounts and financial account history (*i.e.*, details of the management of the accounts), credit report inquiries (*i.e.*, whenever consumer credit information is requested from a credit reporting agency), judgments, administration orders, defaults, and other notices.

38. The Fair Credit Reporting Act ("FCRA") limits the dissemination of "consumer credit information" to certain well-defined circumstances and no other. 15 U.S.C. § 1681b(a).

39. At all relevant times, Experian was (and continues to be) a consumer reporting agency under the FCRA because on a cooperative nonprofit basis and for monetary fees, it regularly (i) received, assembled and/or evaluated plaintiff's and class members' "consumer credit information" protected by the FCRA for the purpose of furnishing consumer reports to third parties, and (ii) used the means and facilities of interstate commerce to prepare, furnish and transmit consumer reports containing plaintiff's and class members' consumer credit information to third parties (and continues to do so).

40. As a consumer reporting agency, Experian was (and continues to be) required to identify, implement, maintain and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard, protect and limit the dissemination of consumer credit information in its possession, custody and control, including plaintiffs' and class members' consumer credit information, only for permissible purposes under FCRA. 15 U.S.C. § 1681(b).

41. By its above-described wrongful actions, inaction and omissions, want of ordinary care, and the resulting security breach, Experian willfully and recklessly violated 15 U.S.C. §1681(b), 15 U.S.C. § 1681a(d)(3), 15 U.S.C. § 1681b(a);(g), and 15 U.S.C. § 1681c(a)(6) (and the related applicable regulations) by failing to identify, implement, maintain and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard and protect plaintiff's and class members' consumer credit information.

42. In the alternative, by their above-described wrongful actions, inaction and omissions, want of ordinary care, and the resulting security breach Experian negligently or in a grossly negligent manner violated 15 U.S.C. § 1681(b), 15 U.S.C. § 1681a(d)(3), 15 U.S.C. § 1681b(a);(g), and15 U.S.C. § 1681c(a)(6) (and the related applicable regulations) by failing to identify, implement, maintain and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard and protect plaintiff's and class members' consumer credit information.

43. Experian's above-described wrongful actions, inaction and omissions, directly and proximately caused the security breach which, in turn, directly and proximately resulted in the wrongful dissemination of plaintiff and class members' consumer credit information into the public domain for no permissible purpose under FCRA.

44. Experian's above-described FCRA violations also have prevented it from timely and immediately notifying plaintiff and class members about the security breach which, in turn, inflicted additional economic damages and other actual injury and harm on plaintiff and class members.

45. Experian's above-described wrongful actions, inaction, omissions, and want of ordinary care, and the resulting security breach, directly and proximately caused plaintiff and class members to suffer economic damages and other actual injury and harm, and collectively constitute the willful and reckless violation of FCRA. Had Experian not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, plaintiff's and class members' consumer credit information would not have been disseminated to the world for no permissible purpose under FCRA, and used to commit identity fraud.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in favor of plaintiff and the class against defendants for:

    i.    actual damages;

    ii.    punitive damages;

    iii.    Attorney's fees, litigation expenses and costs of suit; and

    iv.    Such other and further relief as the Court deems just and proper.

## COUNT III --INJUNCTIVE RELIEF

46. Plaintiff incorporates ¶¶1-27.

47. Experian's wrongful actions, inaction, omissions, want of ordinary care, nondisclosures, and the resulting security breach have caused (and will continues to cause) plaintiff and class members to suffer irreparable harm in the form of, *inter alia*, economic damages and other injury and actual harm in the form of, *inter alia,* (i) actual identity theft and identity fraud, (ii) invasion of privacy, (iii) loss of the intrinsic value of their privacy, (iv) breach of the confidentiality of their consumer reports and consumer credit information, (v) deprivation of the value of their consumer credit information, for which there is a well-established national and international market, (vi) the financial and temporal cost of monitoring their credit, monitoring their financial accounts, and mitigating their damages, and (vii) the imminent, immediate, and continuing increased risk of ongoing identity theft and identity fraud. Such irreparable harm will not cease unless and until enjoined by this Court.

48. Plaintiff and class members, therefore, are entitled to injunctive relief and other appropriate affirmative relief including, *inter alia*, an order compelling defendants to, *inter alia*, (i) notify each person whose consumer credit information was exposed in the security breach, (ii)

provide credit monitoring to each such person for at least six years, (iii) establish a fund (in an amount to be determined) to which such persons may apply for reimbursement of the time and out-of-pocket expenses they incurred to remediate identity theft and/or identity fraud (*i.e.*, data breach insurance), from September 16, 2015, forward to the date the above-referenced credit monitoring terminates, and (iv) discontinue its above-described wrongful actions, inaction, omissions, want of ordinary care, nondisclosures, and the resulting security breach.

49. Plaintiff and class members also are entitled to injunctive relief requiring Experian to implement and maintain data security measures, policies, procedures, controls, protocols, and software and hardware systems, including, *inter alia*, (i) engaging third-party security auditors/penetration testers and internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on defendants' computer systems on a periodic basis, (ii) engaging third-party security auditors and internal personnel to run automated security monitoring, (iii) auditing, testing, and training its security personnel regarding any new or modified procedures, (iv) conducting regular database scanning and security checks, (v) regularly evaluating web applications for vulnerabilities to prevent web application threats, and (vi) periodically conducting internal training and education to inform internal data security personnel how to identify and contain data security lapses.

50. If an injunction is not issued, plaintiff and class members will suffer irreparable injury in the event Experian commits another security lapse, the risk of which is real, immediate, and substantial.

51. The hardship to plaintiff and class members if an injunction does not issue exceeds the hardship to defendants if an injunction is issued. Among other things, if Experian

suffers another massive security lapse, plaintiff and class members will likely again incur millions of dollars in damages. On the other hand, and setting aside the fact that defendants have a pre-existing legal obligation to employ adequate customer data security measures, defendants' cost to comply with the above-described injunction they are already required to implement is relatively minimal.

52. Issuance of the requested injunction will not disserve the public interest. To the contrary, such an injunction would benefit the public by preventing another security lapse, thereby eliminating the damages, injury, and harm that would be suffered by plaintiff, class members, and the millions of consumers whose confidential and sensitive consumer credit information would be compromised.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i. Injunctive relief;

    ii. Costs of suit; and

    iii. Such other and further relief as the court deems just and proper.

## COUNT IV -- BREACH OF IMPLIED CONTRACT

53. Plaintiff incorporates ¶¶1-27.

54. Experian undertook a contractual obligation to maintain the security of its customers' information.

55. Experian breached that contractual obligation by failing to safeguard and protect the information of plaintiff and the members of the class and by failing to provide timely and accurate notice to them that their information was compromised in and as a result of the

Experian data breach.

56. The losses and damages sustained by plaintiff and class members as described herein were the direct and proximate result of Experian's breaches of the contracts between Experian and plaintiff and members of the class.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      i. actual damages;

      ii. costs of suit; and

      iii. such other and further relief as the Court deems just and proper.

## COUNT V -- BAILMENT

57. Plaintiff incorporates ¶¶1-27.

58. Experian accepted possession of the information of plaintiff and the class members for the purpose of providing financial and credit services.

59. By accepting possession of the information, Experian understood that plaintiff and class members expected Experian to adequately safeguard their information.

60. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties.

61. During the bailment (or deposit), Experian owed a duty to plaintiff and class members to exercise reasonable care, diligence, and prudence in protecting their information.

62. Experian breached its duty of care by failing to take appropriate measures to safeguard and protect the information, resulting in the unlawful and unauthorized access to and

misuse of the information.

      63.    Experian further breached its duty to safeguard the information by failing to timely and accurately notify them that their information had been compromised as a result of the Experian data breach.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in favor of plaintiff and the class against defendants for:

      i.    actual damages;

      ii.    punitive damages;

      iii.    costs of suit; and

      iv.    such other and further relief as the Court deems just and proper.


                           s/ Daniel A. Edelman
                             Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                            s/ Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)